UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-295-2-BO
No. 5:10-CV-95-BO

BILLY RAY FELDER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

O R D E R

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and Respondent's Motion to Dismiss. For the reasons below, Petitioner's Motion to Vacate is DENIED. Respondent's Motion to Dismiss is GRANTED.

## BACKGROUND

On December 15, 2008, Petitioner pled guilty, pursuant to a written plea agreement, to the charge of aiding and abetting in the distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841. Petitioner was sentenced by this Court to 188 months imprisonment on March 17, 2009. On March 23, 2009, Petitioner filed a notice of appeal. New counsel was appointed for Petitioner and filed an Anders brief, while Petitioner filed a *pro se* supplemental brief arguing that the trial record did not disclose that this Court understood its discretion to impose a below-guideline sentence under *Kimbrough v. United States*, 552 U.S. 85, 90-91 (2007). The Fourth Circuit affirmed in part and dismissed in part. *United States v. Felder*, No. 09-4317, 2010 WL 331427 (4th Cir. Jan. 26, 2010). Petitioner timely filed this motion on

March 15, 2010.

## DISCUSSION

Petitioner asserts two claims in his § 2255, both for ineffective assistance of counsel. First Petitioner claims his trial attorney was ineffective. He makes the same claim against his appellate attorney. In order to prevail in a claim for ineffective assistance of counsel, a petitioner must show that his attorney's representation fell below an objective standard of reasonableness and that, but for that deficiency, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984). Failure to satisfy either standard is fatal to an ineffective assistance claim and must result in dismissal. *Id.* at 691.

Under both claims, Petitioner asserts his counsel was ineffective for failing to ask this Court to impose a variant sentence, due to the crack/powder disparity and claims that the record does not reflect that the Court understood its discretion to impose a non-guidelines sentence if it thought it were appropriate.

In this case, Petitioner has failed to meet his burden. There is no evidence in the record to suggest either his trial attorney or appellate attorney's representation fell below an object standard of reasonableness, and that but for a deficiency, the result would have been any different. While Petitioner's trial counsel did not specifically make a request for a variance based on *Kimbrough*, he did make requests for a downward departure and a variance based on several other grounds. This Court is also aware of the decision in *Kimbrough* and has on more than one occasion sentenced accordingly, when in the Court's discretion, it believed a variance was appropriate. Here, the Court made it clear that Petitioner's career offender status negated any argument he put forward for a variance. Finally, Petitioner's guideline range was calculated after the passage of Amendment 706, and so his sentence already reflected a two-level reduction

intended to correct the crack-powder disparity. Accordingly, Petitioner's Motion is DENIED.

## CONCLUSION

Accordingly, Petitioner's Motion to Vacate is DENIED. Respondent's Motion to Dismiss is GRANTED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

SO ORDERED.

This _15_ day of July, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE