IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CR-295-2-BO
NO. 5:13-CV-358-BO

| | |
|---|---|
| BILLY RAY FELDER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the Court on petitioner's motion to vacate, amend, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss. For the reasons discussed below, petitioner's § 2255 motion is dismissed.

## BACKGROUND

On March 17, 2009, petitioner was sentenced to a term of 188 months' imprisonment after pleading guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base. 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Petitioner noticed a direct appeal, and his conviction and sentence were affirmed by opinion entered January 26, 2010. On July 16, 2010, the Court denied a motion pursuant to 28 U.S.C. § 2255 filed by petitioner claiming that he received the ineffective assistance of counsel. Petitioner appealed the denial of his § 2255 motion, and by opinion entered December 7, 2010, the court of appeals dismissed petitioner's appeal.

On May 16, 2013, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255 challenging his classification as a career offender in light of *United States v. Simmons*, 649 F.3d

237 (4th Cir. 2011). [DE 150]. On April 28, 2014, petitioner filed, through counsel, a supplemental memorandum in support arguing that the Fourth Circuit's recent decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), counseled that petitioner's motion to vacate should be granted. [DE 183]. On the government's motion, the Court held in abeyance its consideration of petitioner's motion to vacate awaiting issuance of the mandate in *Whiteside*. [DE 187].

*Whiteside* was reheard by the court of appeals en banc, and by opinion issued December 19, 2014, the Fourth Circuit affirmed the district court's dismissal of Whiteside's petition as untimely. *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc). The Supreme Court declined to grant certiorari. *Whiteside v. United States*, 135 S.Ct. 2890 (2015). Additionally, the Fourth Circuit recently decided that a challenge to the erroneous application of the career offender enhancement is not cognizable on collateral review. *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), *cert. denied*, 135 S.Ct. 2850 (2015).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive habeas petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

2

Because the instant motion attacks the same conviction and sentence as was earlier challenged by petitioner's prior motion to vacate, and that motion was dismissed on the merits, the instant motion to vacate is second or successive and the Court is without jurisdiction to consider it in the absence of pre-filing authorization. *Winestock,* 340 F.3d. at 207.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

### CONCLUSION

Accordingly, because the Court is without jurisdiction to consider petitioner's § 2255 motion, the government's motion to dismiss [DE 153] is GRANTED and petitioner's motion to vacate [DE 150] is DISMISSED as second or successive. A certificate of appealability is DENIED.

SO ORDERED.

3

This the __7__ day of August, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE